**Case No. 26-50650**

---

# United States Court of Appeals
## for the
# Fifth Circuit

**In the Matter of: ANGSTROM ALUMINUM CASTINGS, LLC, DEBTOR**

---

**ANGSTROM ALUMINUM CASTINGS TEXAS, LLC, Appellant,**

**V.**

**TESLA, INC., Appellee.**

---

**On Appeal from Order Entered by the United States District Court, Western District of Texas, Waco Division and Docketed in Both District Court Case No. 6:26-CV-00477, and Bankruptcy Court Case Nos. 26-11543 and 26-60766**

---

**APPELLANT'S OPPOSED EMERGENCY MOTION FOR AN ADMINISTRATIVE STAY AND STAY PENDING APPEAL, OR ALTERNATIVELY FOR MANDAMUS RELIEF**

---

Jason Binford (SBN 24045499)
J. Casey Roy (SBN 00791578)
401 Congress Ave., Suite 2100
Austin, Texas 78701
Telephone: (512) 487-6650
Email: jbinford@krcl.com
Email: croy@krcl.com

-and-

JaKayla J. DaBera (SBN 24129114)
901 Main Street, Suite 5200
Dallas, Texas 75202
Telephone (214) 777-4200
Email: jdabera@krcl.com

**ATTORNEYS FOR APPELLANT**

- 1 -

12134611v2 (76103.00002.000)

- 2 -

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE

Counsel of record certifies that, to the best of his knowledge, the following listed persons and entities described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges may evaluate possible disqualification or recusal.

- Angstrom Aluminum Castings Texas, LLC – Appellant

- Tesla, Inc. – Appellee

- Angstrom Automotive Group, LLC – Related Party to Appellant

- Counsel for Appellant

Jason Binford
J. Casey Roy
Kane Russell Coleman Logan PC
401 Congress Ave., Suite 2100
Austin, Texas 78701
Telephone: (512) 487-6650
Email: jbinford@krcl.com
Email: croy@krcl.com

– and –

JaKayla J. DaBera
901 Main Street, Suite 5200
Dallas, Texas 75202
Telephone: (214) 777-4200
Email: jdabera@krcl.com

12134611v2 (76103.00002.000)

- 3 -

- Counsel for Appellee

Jason Boland
Kevin Lie
Norton Rose Fulbright US LLP
1550 Lamar St., Ste. 2000
Houston, TX 77010
Telephone: (713) 651-3607
Email: jason.boland@nortonrosefulbright.com
Email: kevin.lie@nortonrosefulbright.com

– and –

Marc B. Collier
Ethan Glenn
98 San Jacinto Boulevard, Suite 1100
Austin, TX 78701
Telephone: (512) 474-5201
Email: marc.collier@nortonrosefulbright.com
Email: ethan.glenn@nortonrosefulbright.com

- Counsel for Related Party

Steven J. van Stempvoort
Miller Johnson
45 Ottawa Ave. SW, Suite 1100
Grand Rapids, MI 49503
Telephone: (616) 831-1765
Email: vanstempvoorts@millerjohnson.com

Dated: August 10, 2026

 */s/ Jason Binford*
Counsel for Appellant

12134611v2 (76103.00002.000)

- 4 -

## EMERGENCY MOTION CERTIFICATIONS

In accordance with Fifth Circuit Rule 27.4, the undersigned hereby certifies that, on August 10, 2026, the undersigned counsel to the Appellant, advised attorneys at Norton Rose Fulbright US, LLC, counsel for the Appellee, regarding this filing of this motion and inquired as to whether the Appellee opposed relief. Counsel for the Appellee responded that Appellee is opposed to the relief.

In accordance with Fifth Circuit Rule 27.3, the undersigned hereby certifies that the facts supporting emergency consideration of this motion set forth herein are true and complete. Action on this motion is necessary as soon as possible.

*/s/ Jason Binford*
Jason B. Binford

12134611v2 (76103.00002.000)

**TO THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT:**

COMES NOW Angstrom Aluminum Castings Texas, LLC (the "Appellant"), and pursuant to Federal Rule of Appellate Procedure 8 hereby files this *Motion for Stay Pending Appeal* (the "Motion"), and would show the Court as follows:

## I.        INTRODUCTION

Appellant respectfully submits this emergency motion for a stay, pending appeal, of the *Order Withdrawing the Reference for the Limited Purpose Related to Tesla's Tooling* (the "Withdrawal Order") entered by the United States District Court for the Western District of Texas, Waco Division (the "District Court"). The Withdrawal Order was docketed both in the Tesla/AAG Case,[1] Case No. 6:26-CV-00477, and also in the Appellant's Bankruptcy Case, Case No. 26-11543. Following transfer of the Bankruptcy Case from the Austin District to the Waco District, the Bankruptcy Case number was changed to 26-60766.

In the alternative, Appellant respectfully requests an administrative stay to allow the Court time to consider this stay request.

Emergency consideration is required because the Fifth Circuit is currently considering an appeal and the scope of a stay in the AAG Appeal involving identical facts concerning the Tooling. Emergency consideration of this Motion is warranted

---

[1] Capitalized terms have the meanings ascribed to them below.

in order to allow the Court to consider the entry of a stay to preserve the Appellant's ability to reorganize in bankruptcy.

## II.    JURISDICTION

This Court has jurisdiction under 28 U.S.C. § 1292(a)(1), which "allows for circuit court review of an interlocutory order of a district court in a bankruptcy proceeding." *In re El Paso Elec. Co.*, 77 F.3d 793, 794 (5th Cir. 1996).  The District Court's denial of a stay pending appeal is "an interlocutory order with the same practical effect as granting or denying an injunction." *Rauscher Pierce Refsnes, Inc. v. Birenbaum*, 860 F.2d 169, 171 (5th Cir. 1988).

Jurisdiction also lies under 28 U.S.C. § 1651(a), as the authority of an appellate court to "hold an order in abeyance while it assesses the legality of the order" is "inherent."  *Nken v. Holder*, 556 U.S. 418, 426 (2009).

## III.    BACKGROUND AND PROCEDURAL HISTORY

The Appellant is the Chapter 11 debtor-in-possession in Case No. 26-60766, currently pending before the United States Bankruptcy Court for the Western District of Texas, Waco Division (the "Bankruptcy Court").

## A.    The Bankruptcy Case

On August 4, 2026 (the "Petition Date"), the Appellant filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the

12134611v2 (76103.00002.000)

"Bankruptcy Code"), thereby commencing Appellant's bankruptcy case (the "Bankruptcy Case").[2]

The Appellant operates an aluminum casting, machining, and assembly facility located in Troy, Texas (the "Facility"), serving the automotive, industrial, and off-highway markets. One of the Appellant's principal customers is Tesla, Inc. ("Tesla"). The Appellant manufactures Tesla automobile parts using certain tooling (the "Tooling"). The Tooling is the subject of litigation among the Appellant, Tesla, and Angstrom Automotive Group, LLC ("AAG").

**B.    The Tesla/AAG Case**

On July 23, 2026, Tesla filed a complaint (the "Complaint") against AAG in the District Court, initiating Case No. 6:26-cv-00477 (the "Tesla/AAG Case"). Notably, the Appellant was not named as a defendant in the Tesla/AAG Case. In its Complaint, Tesla asserted that the Appellant wrongfully refused to permit Tesla to collect the Tooling from the Facility. Tesla also sought a temporary restraining order pursuant to Federal Rule of Civil Procedure 65 compelling AAG to permit Tesla to enter the Facility to collect the Tooling.

---

[2] The Bankruptcy Case was initially filed in the Austin Division. On August 10, 2026, the Bankruptcy Court transferred the Bankruptcy Case to the Waco Division. Upon transfer, the Bankruptcy Case number was changed to 26-60766.

12134611v2 (76103.00002.000)

AAG filed pleadings in the Tesla/AAG Case opposing the TRO on several grounds, including the fact that the Appellant, not AAG, was in possession of the Tooling and the Appellant was in control of the Facility.

On August 3, 2026, the District Court entered an *Order Granting Plaintiff Tesla, Inc.'s Motion for Temporary Restraining Order and Writ of Replevin/Sequestration* (the "TRO"). The TRO: (a) held that, pursuant to Federal Rule of Civil Procedure 65(d)(2)(B)-(C) both the Appellant and another related company – Enforge, LLC – were bound by the TRO; and (b) enjoined and restrained the Appellant from preventing Tesla from accessing the Facility to collect the Tooling.

On the Petition Date, the Appellant filed its bankruptcy petition and thereafter informed Tesla that the automatic stay prohibited Tesla from collecting the Tooling. Tesla responded by seeking a status conference with the District Court. On August 6, 2026, the District Court held the status conference (the "Status Conference"). Despite the fact that the Appellant was not a party to the Tesla/AAG Case, counsel for the Appellant attended the Status Conference on behalf of the Appellant. At the Status Conference, counsel for Tesla made an oral motion for the District Court both to withdraw the reference to the Bankruptcy Court with respect to issues related to the Tooling and further requested that the District Court terminate the automatic stay to allow Tesla to immediately collect the Tooling.

12134611v2 (76103.00002.000)

At the Status Conference, the District Court granted Tesla's motions. The next day, on August 7, 2026, the District Court entered the Withdrawal Order. A copy of the Withdrawal Order is attached hereto as **Exhibit A**. The Withdrawal Order withdrew the reference to the Bankruptcy Court "as to all issues related to the Tesla Tooling" and further held that the automatic stay was terminated pursuant to Bankruptcy Code section 362(d) based on the District Court's finding that the Appellant did not have equity in the Tooling and that the Tooling was not necessary to the Appellant's effective reorganization.

**C.     The AAG Appeal of the Withdrawal Order**

On August 7, 2026, AAG appealed the Withdrawal Order (the "AAG Appeal") and filed in with the Fifth Circuit Court of Appeals the *Emergency Motion for Immediate Stay and Stay of Injunction Order and Writ of Replevin/Sequestration Pending Appeal* (the "AAG Emergency Motion"). The AAG Emergency Motion alleged that the Withdrawal Order was entered in error on a number of different bases and requested an immediate administrative stay to prevent Tesla from collecting the Tooling. The AAG Emergency Motion was entered in Case No. 26-50650.

Later on August 8, 2026, the Fifth Circuit entered an Unpublished Order deferring AAG's request for a stay pending appeal and granting AAG's motion for an administrative stay.

12134611v2 (76103.00002.000)

On August 10, 2026, the Fifth Circuit entered an additional order in the AAG Appeal dissolving the administrative stay.

## D.      The Appellant's Appeal of the Withdrawal Order

On August 10, 2026, the Appellant filed a *Notice of Appeal* appealing the Withdrawal Order.

## IV.      <u>ARGUMENTS AND AUTHORITIES</u>

Under Federal R. App. P. 8(a)(2), an appellant may seek a stay pending appeal from this Court if the appellant first sought a stay pending appeal in the district court and the request was denied by the district court, or if "moving first in the district court would be impracticable." Here, the District Court denied AAG's oral motion for a stay pending appeal on identical grounds that the Appellant would seek such a stay. Therefore, requiring the Appellant to repeat the process before the District Court would be impracticable and a waste of judicial resources.

The Appellant is appealing the Withdrawal Order on the basis that the District Court made its Bankruptcy Court section 362(d) determinations without providing the Appellant with an opportunity to put on any evidence.[3] Rather, the determination was made not at an evidentiary hearing, but at a status conference in a case where the Appellant is not even a party. Worse still, the Status Conference was called on

---

[3] The Appellant's appeal relates to the automatic stay and the District Court's findings under Bankruptcy Code section 362(d). The Appellant has not appealed the District Court's determination to withdraw the reference.

less than a day's notice to counsel for Tesla and counsel for AAG. Counsel for Appellant was not given notice of the Status Conference. Rather, Appellant counsel happened to get word of the Status Conference and attended shortly after learning of the setting. Despite these facts, the District Court quickly converted the Status Conference to an apparent evidentiary hearing and quickly ruled in favor of Tesla, apparently based on the evidentiary record previously presented by Tesla in the Tesla/AAG Case in which the Appellant is not even a party. At the Status Conference, counsel for the Appellant requested a separate emergency evidentiary hearing on the Bankruptcy Code section 362(d) issues. The District Court denied the request.

The District Court abused its discretion and erred both in ruling on the record before the District Court and in not permitting the Appellant the opportunity to present evidence on the Bankruptcy Code section 362(d) issue. *See In re Foster Mortgage Corp.*, 68 F.3d 914, 917-18 (5th Cir. 1995) (finding that a bankruptcy court abused its discretion by failing to permit meaningful participation by affected parties and otherwise failing to consider the view of parties affected in the bankruptcy case prior to ruling).

Bankruptcy Code section 362(d)(2) provides that the automatic stay will be terminated if "(A) the debtor does not have any equity in such property; and (B) such

12134611v2 (76103.00002.000)

property is not necessary for an effective reorganization."[4] The Appellant made clear to the District Court at the Status Conference that the Appellant is not contesting Bankruptcy Code section 362(d)(2)(A). However, as also clearly articulated by the Appellant to the District Court, that acknowledgment should not end the analysis. *See In re Plastech Engineered Prods., Inc.*, 382 B.R. 90 (Bankr. E.D. Mich. 2008) (refusing to terminate the automatic stay early in the bankruptcy case notwithstanding the debtor's acknowledgment that it held tools belonging to Chrysler).

For the automatic stay to be terminated, both sections 362(d)(2)(A) and (B) must be established. The Appellant further acknowledged at the Status Conference

---

[4] There was also discussion at the Status Conference on whether the Tooling is property of the Appellant's bankruptcy estate. This discussion was muddled by the fact that Tesla appeared not to understand that its ownership interest in the Tooling is not dispositive of whether the Tooling is property of the estate. Bankruptcy Code section 541(a) broadly defines property of the estate to include all legal and equitable interests. It is undisputed that the Appellant remains in possession of the Tooling. A possessory interest is the type of equitable interest referenced in section 541(a). *See In re Chestnut*, 422 F.3d 298, 303(5th Cir. 2005) ("Whether an asset is property of the estate is a legal determination which frequently entails complex analyses involving a number of legal elements and a variety of facts. . . These questions . . . can only be answered with finality through the judicial process . . . ."); *see also In re Ashley Selman Farms P'ship*, 2026 Bankr. LEXIS 399, at *18 (Bankr. N.D. Miss. Feb. 18, 2026) (citing *In re Chestnut* and holding that a possessory interest in property is sufficient to constitute property of the estate). To the extent that Tesla's arguments are based in Bankruptcy Code section 541(a) – as opposed to section 362(d) – the District Court erred in not providing the Appellant with an opportunity to demonstrate the analyses and elements demonstrating that the possessory interest – even in a situation where the extent of such possessory interest is contested – is sufficient to establish that the Tooling is property of the estate.

that it is the Appellant's burden to prove subsection (B) which requires a showing that the Tooling is "necessary to an effective reorganization." *See In re Timbers of Inwood Forest Assocs., Ltd.*, 793 F.2d 1380, 1388 (5th Cir. 1986). But, there was no opportunity at the Status Conference for the Appellant to present any evidence to meet that burden. Rather, the Status Conference consisted of approximately two hours of lawyer argument and responses to questions posed by the District Court. Tesla asserted that the District Court's prior ruling on the TRO established under Bankruptcy Code section 362(d)(2)(B) that an effective reorganization is not possible. However, that could not have been the case because at the TRO hearing bankruptcy had not been filed or even contemplated. Moreover, a large body of case law – including Fifth Circuit precedent – has developed with regard to a 362(d)(2)(B) analysis. The issues include (but are not limited to) the fact that a debtor is not required to guarantee a successful Chapter 11 reorganization. Rather, a reasonable assurance of commercial viability is sufficient. *See In re Brisco Enters*., 994 F.2d 1160, 1166 (5th Cir. 1993).

The Appellant was not permitted to demonstrate how, under these facts, the Appellant has the resources and opportunity to timely reorganize under Chapter 11. Because the District Court denied the Appellant that opportunity, the District Court's ruling was in error and should be stayed and ultimately reversed. Accordingly, the Appellant is likely to succeed on the merits of its appeal.

12134611v2 (76103.00002.000)

## V.    A STAY WILL NOT SUBSTANTIALLY HARM OTHER PARTIES

Absent a stay, the Appellant will effectively be denied the ability to take advantage of the protections of Chapter 11. It will be irreparably harmed never having had an opportunity to present its case for reorganization to the court while having the Tooling it needs to operate its business seized from it in an evisceration of the status quo rather than a maintenance of it. To prevent this injustice, a stay of the Withdrawal Order is warranted. *See In re Mader*, 100 B.R. 989, 991 (N.D. Ill. 1989) (considering the factors in granting a stay pending appeal, including the fact that absent a stay the debtor's farm would be foreclosed upon and would end any ability of the debtor to reorganize).

In addition, any balances-of-harm analysis weighs heavily in favor of the Appellant. The Appellant has made clear it stands ready and willing to manufacture any automobile parts Tesla requires. To the extent Tesla is relying on contractual rights with the Appellant (as opposed to rights with non-debtor parties, which remains a contested issue), those contractual rights will be addressed in the Bankruptcy Case including whether the Appellant chooses to assume any contract under Bankruptcy Code section 365. As the evidence will show – once the Appellant is given the opportunity to put on evidence – Tesla engaged in egregious business practices including promising the Appellant it would purchase large quantities of parts from the Appellant, but never following through and doing so. However, the

12134611v2 (76103.00002.000)

Appellant set its prices in reliance on Tesla's award of substantial business and promise of significant sales. This gave Tesla an economic windfall for years and left the Appellant with millions of dollars of losses, eventually driving the Appellant into bankruptcy. Tesla, of course, denies this. But that is the very point: the Appellant never had its day in court on these issues which are critical to its bankruptcy estate.

Finally, the expedited and extraordinary relief sought by Tesla would immediately put almost 100 of the Appellant's employees out of work and would prevent the possibility of any reorganization less than a week after the Petition Date.

## VI.    THE PUBLIC INTEREST FAVORS A STAY

The public interest lies in the correct application of the law, prohibiting the enforcement of an order without permitting a party to put on evidence in support of its position, and allowing parties to use Chapter 11 for its intended purposes. Indeed, a Chapter 11 filing is Congressionally designed and statutorily approved to provide the Appellant "breathing room" and to avoid a scramble such as Telsa is seeking and which will occur if Tesla gets its way and Tooling is removed from the Appellant. *See In re Chesnut*, 422 F.3d 298, 301 (5th Cir. 2005).

## VII.    NO BOND IS REQUIRED

The posting of a bond is "discretionary and is not a prerequisite to obtain a stay pending appeal." *In re Suprema Specialties, Inc*., 330 B.R. 93, 95 (S.D.N.Y. 2005) (quoting *In re Sphere Holding Corp*., 162 B.R. 639, 644 (E.D.N.Y. 1994)); *see*

12134611v2 (76103.00002.000)

*also* Fed. R. Bankr. P. 8007(c) (stating that a court <u>may</u> condition relief upon the filing of a bond or other security). No bond should be required because any harm to Tesla would be dwarfed by the injury the Appellant would suffer if it is denied the ability to reorganize mere days into its Bankruptcy Case.

## ALTERNATIVELY, MANDAMUS IS WARRANTED

For the foregoing reasons, the District Court should have entered a stay pending appeal and abused its discretion in failing to do so. Where, as here, "there is serious potential for irreparable harm" and the lower court "abused [its] discretion in denying stay relief," mandamus is warranted directing the District Court to enter a stay pending appeal. *In re Barrier*, 776 F.2d 1298, 1299 (5th Cir. 1985).

WHEREFORE, PREMISES CONSIDERED, Appellant requests the Court to (1) immediately enter an administrative stay; (2) enter an order staying the Withdrawal Order pending resolution of the appeal; and (3) in the alternative, issue mandamus relief directing the District Court to enter a stay pending appeal.

Dated: August 10, 2026

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

*/s/ Jason Binford*
Jason B. Binford (SBN 24045499)
J. Casey Roy (SBN 00791578)
401 Congress Ave., Suite 2100
Austin, Texas 78701
Telephone: (512) 487-6650
Email: jbinford@krcl.com
Email: croy@krcl.com

– and –

JaKayla J. DaBera (SBN 24129114)
901 Main Street, Suite 5200
Dallas, Texas 75202
Telephone: (214) 777-4200
Email: jdabera@krcl.com

**ATTORNEYS FOR APPELLANT**

12134611v2 (76103.00002.000)

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned hereby certifies that the foregoing Motion complies with the type-volume limitations of Fed. R. App. P. 5(c)(1) because it contains 2803 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f). This Motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman type style.

*/s/ Jason Binford*
Jason B. Binford

12134611v2 (76103.00002.000)

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that, on August 10, 2026, I served the foregoing Motion upon all parties and/or counsel of record, via CM/ECF to all counsel of record and on the counsel listed below by e-mail in accordance with the Federal Rules of Appellate Procedure.


*/s/ Jason Binford*

**<u>Counsel for Tesla, Inc.</u>**
Jason Boland
Kevin Lie
Norton Rose Fulbright US LLP
1550 Lamar St., Ste. 2000
Houston, TX 77010
Telephone: (713) 651-3607

Email: jason.boland@nortonrosefulbright.com
Email: kevin.lie@nortonrosefulbright.com

- and –

Marc B. Collier
Ethan Glenn
98 San Jacinto Boulevard, Suite 1100
Austin, TX 78701
Telephone: (512) 474-5201
Email: marc.collier@nortonrosefulbright.com
Email: ethan.glenn@nortonrosefulbright.com

12134611v2 (76103.00002.000)

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | | |
|---|---|---|
| Tesla, Inc., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 6:26-cv-00477 |
| Angstrom Automotive Group, LLC, | § | |
| | § | |
| *Defendant.* | § | |

## UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| | § | |
| IN RE: | § | |
| | § | |
| ANGSTROM ALUMINUM CASTINGS | § | CASE NO.: 26-11543 |
| TEXAS, LLC, | § | |
| | § | CHAPTER 11 |
| DEBTOR. | § | |
| | § | |

## ORDER WITHDRAWING THE REFERENCE FOR THE LIMITED PURPOSE RELATING TO TESLA'S TOOLING

Having considered *Plaintiff Tesla, Inc.'s Update on Status of Compliance with the Court's Temporary Restraining Order* (Dkt. No. 30) filed on August 5, 2026, this Court set a status conference on August 6, 2026, at 2:00 p.m. CT (Dkt. No. 31 & 32). At the status conference the Court heard from counsel from both parties regarding the status of Angstrom Automotive Group, LLC's ("Angstrom Automotive" or "Defendant") compliance with this Court's previously entered *Order Granting Plaintiff Tesla, Inc.'s Motion for Temporary Restraining Order and Writ of Replevin/Sequestration* (Dkt. No. 24) (the "TRO"). Lead litigation counsel for both parties was present, as was bankruptcy counsel for the Defendant's affiliated company, Debtor Angstrom

A true copy of the original, I certify.
Clerk, U.S. District Court
By_____ NW

Aluminum Castings Texas, LLC ("AAC-Texas"), and Tesla's bankruptcy counsel, in light of AAC-Texas's chapter 11 bankruptcy filing, which commenced on August 4, 2026, before the United States Bankruptcy Court for the Western District of Texas, Austin Division (the "Bankruptcy Court"), Case No. 26-11543-cgb (the "Bankruptcy Case"). The Court heard arguments from all parties at the status conference, including with respect to Tesla's oral motion for this Court to withdraw the reference of AAC-Texas's Bankruptcy Case. Upon consideration of the updates provided to the Court, the arguments of counsel, the status of this Court's TRO, the recent bankruptcy filing by AAC-Texas, and based upon all of the proceedings (and any evidence and testimony therein) had and the papers filed before the Court previously, and after due deliberation and sufficient cause appearing therefore, this Court orders as follows:

1. The Court grants Tesla's oral motion to withdraw the reference of the Bankruptcy Case as to all issues relating to the Tesla Tooling (as that term is defined in the TRO). Alternatively, this Court *sua sponte* concludes that withdrawal of the reference is appropriate; thus, reference of the Bankruptcy Case is withdrawn on that alternative ground as to all issues relating to the Tesla Tooling. All remaining issues other than those relating to the Tesla Tooling shall remain with the Bankruptcy Court.

2. This Court previously determined that the Tooling is owned exclusively by Telsa, and as such, this Court has determined that such Tooling does not constitute property of the AAC-Texas's debtor's estate; thus, the automatic stay is inapplicable. The bankruptcy filing was not commenced until days *after* the Court adjudicated Tesla's rightful ownership and possessory rights over the Tooling. Therefore, the Court finds that the Tooling was already removed from the potential AAC-Texas estate, and is not impacted by the subsequent bankruptcy filing. Alternatively, and to the extent that AAC-Texas purports to assert a possessory right to or interest in the Tooling, the Court hereby lifts the automatic bankruptcy stay as to the Tesla Tooling for all purposes, including without limitation, to allow Tesla the ability to reclaim all such Tesla Tooling located at the Debtor's Anderton Facility in Troy, Texas or elsewhere, as previously determined and ordered in this Court's TRO, which remains in full force and effect.

3. This Court finds, considering the entire record, evidence, and arguments presented in this case, that the Court should grant Tesla relief from the automatic stay provided under 11 U.S.C. § 362(a) based on the allowance in section 362(d), specifically because (a) the Court has adjudicated that the debtor, AAC-Texas, does

not have an equity in the Tooling as the Tooling belongs to Tesla; and (b) the Court finds that the Tooling is not necessary to an effective reorganization. The Court finds that the evidence presented demonstrates Tesla's intent to reclaim its rightful property and no longer conduct business with the debtor—so it would not be part of a reorganization plan for that reason. Further, the Court has entered a TRO to enforce Tesla and Angstrom's agreed plan for Tesla to reclaim the Tooling. Under that plan, Tesla will have reclaimed the Tooling and removed it from the AAC-Texas premises before it would be feasible to include them in any reorganization plan. Therefore, the Tooling is not necessary to an effective reorganization plan for AAC-Texas.

4. Tesla may retrieve its Tooling from the Anderton Facility at the earliest opportunity and Angstrom Automotive Group, LLC, Angstrom Aluminum Castings Texas, LLC, as well as all other parties identified in or bound by the TRO shall cooperate with that retrieval as set out in the TRO. Other than the change in the retrieval date, all responsibilities of the parties remain the same as ordered in the TRO and its attached Exhibit A.

5. This Order shall become effective immediately upon its entry.

6. This Court shall retain jurisdiction over and all matters arising from or related to the implementation or interpretation of this Order.

7. Defendant's oral motion to stay this ruling is denied.

8. The Clerk of Court shall send a certified copy of this Order to the United States Bankruptcy Clerk.

So ordered on August 7, 2026.

CHRISTOPHER R. WOLFE
UNITED STATES DISTRICT JUDGE

- 3 -