No. 26-50650

In The

# United States Court of Appeals for the Fifth Circuit

———————————

ANGSTROM AUTOMOTIVE GROUP, L.L.C.,

Defendant-Appellant,

ANGSTROM ALUMINUM CASTINGS TEXAS, L.L.C.,

Appellant,

v.

TESLA, INC.,

Plaintiff-Appellee.

———————————

On Appeal from the United States District Court
for the Western District of Texas, Waco Division
The Honorable Christopher R. Wolfe, Presiding Judge
Case No. 6:26-CV-00477

———————————

**RESPONSE IN OPPOSITION TO EMERGENCY
MOTION FOR AN ADMINISTRATIVE STAY AND STAY PENDING
APPEAL, OR ALTERNATIVELY FOR MANDAMUS RELIEF**

———————————

MARC B. COLLIER
ETHAN GLENN
NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Boulevard, Suite 1100
Austin, TX 78701
(512) 474-5201

KEVIN LIE
NORTON ROSE FULBRIGHT US LLP
1550 Lamar Street, Suite 2000
Houston, TX 77010
(713) 651-3607

August 10, 2026

*Counsel for Plaintiff-Appellee
Tesla, Inc.*

i

**TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS ...................................................iv

INTRODUCTION ...........................................................................................1

BACKGROUND ............................................................................................5

I. AAC-Texas, its Affiliate, and their Shared Control Person Refuse to Release Tooling Owned by Tesla and Tesla Receives a TRO. ...........................................................................5

II. Less than 24 Hours Before Tesla's Retrieval Team Was Set to Arrive, AAC-Texas Filed for Bankruptcy. .......................6

III. The District Court Issues the Order Withdrawing the Reference and Granting Tesla Relief from the Automatic Stay. .............................................................................................6

IV. AAC-Texas Gives Notice of this Appeal Only After This Court Denies AAG's Motion to Stay TRO. ...............................7

V. Tesla Completes Retrieval of the Tooling, Mooting AAC-Texas's Motion. ...................................................................8

ARGUMENT ..................................................................................................8

I. AAC-Texas's Motion is Moot. ..................................................9

II. AAC-Texas's Motion Is Not Ripe Because It Failed to Request a Stay Pending Appeal in the District Court. .............10

III. AAC-Texas Has Not Shown Irreparable Harm Outweighing Tesla's Harm or That a Stay Favors the Public Interest. ...........................................................................11

IV. AAC-Texas Has Not Shown That It Is Likely to Succeed on the Merits. ............................................................................14

V.    The District Court Did Not Abuse Its Discretion by Ruling on the Record Before It. ...............................................19

VI.   Mandamus Is Unwarranted. ...................................................20

CONCLUSION ..............................................................................21

CERTIFICATE OF SERVICE ..........................................................23

CERTIFICATE OF COMPLIANCE ....................................................23

iii

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case.  These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1. Plaintiff-Appellee is Tesla, Inc.

2. Attorneys for Plaintiff-Appellee are Marc B. Collier, Ethan Glenn, Kayla Ahmed, and Kevin Lie of Norton Rose Fulbright US LLP.

3. Appellants are Angstrom Automotive Group, L.L.C. and Angstrom Aluminum Castings, LLC.

4. Attorneys for Defendant-Appellant Angstrom Automotive Group, L.L.C. are Stephen J. Van Stempvoort and Todd Alan Holleman of Miller Johnson.

5. Attorney for Appellant Angstrom Aluminum Castings Texas, LLC is Jason Binford of Kane Russell Coleman Logan, P.C.

Dated: August 10, 2026

/s/ Ethan Glenn

Ethan Glenn

*Counsel for Plaintiff-Appellee Tesla, Inc.*

Plaintiff-Appellee Tesla, Inc. ("Tesla") files this response in opposition to Appellant Angstrom Aluminum Castings Texas, LLC's ("AAC-Texas") Emergency Motion for an Administrative Stay and Stay Pending Appeal, or Alternatively for Mandamus Relief ("Motion").  The Court should deny the Motion.

## INTRODUCTION

AAC-Texas seeks the same relief this Court denied its affiliate Defendant-Appellant Angstrom Automotive Group, LLC ("Angstrom Automotive") in this same appeal approximately thirteen hours ago.  At 10:22 a.m. this morning, the Court denied Angstrom Automotive's emergency motion for stay pending appeal and dissolved the administrative stay entered on August 7.  App.Dkt. 29.  All that has changed since then in this appeal is AAC-Texas's addition to the case caption and Tesla's retrieval from AAC-Texas's facility of the property (the "Tooling") at issue.  The alleged emergency is over, and AAC-Texas's emergency motion is moot.

As Tesla discussed in its prior briefing, this is a case about a company and its affiliates holding the Tooling for ransom.  Neither AAC-Texas nor Angstrom Automotive denies that Tesla owns the Tooling.  *See generally* App.Dkt. 12 (Angstrom Automotive's Motion to Stay); App.Dkt. 39 (AAC-Texas's Motion to Stay).  Tesla demanded return of critical Tooling that it owns and has a contractual right to recover at any time.  But AAC-Texas and its affiliates refused, asserting "unresolved commercial issues of payment," Dkt. 10-1 ¶ 31, and that "Tesla can

1

easily avoid its alleged damages if it simply pays to [AAC-Texas] what it owes," *id.* ¶ 35. The district court disagreed and issued a temporary restraining order ordering Angstrom Automotive and AAC-Texas to allow Tesla access to AAC-Texas's facility in Troy, Texas to retrieve the Tooling.

AAC-Texas then declared bankruptcy on the eve of the scheduled retrieval; the district court withdrew the reference for that bankruptcy case and, based on the voluminous evidence before it and its discretionary authority, issued the order separating the Tooling from the bankruptcy that AAC-Texas now appeals. *See* Dkt. 34 (the "Order"). This second motion to prevent Tesla from recovering its Tooling should be denied for several reasons.

***First***, the Motion is moot. After this Court denied Angstrom Automotive's motion to stay and dissolved the administrative stay, AAC-Texas filed the Motion at approximately 4:13 p.m. C.T. seeking similar relief. But it was too late—Tesla had begun retrieving the Tooling from AAC-Texas's facility at approximately 3:00 p.m. C.T. and completed retrieval by approximately 5:50 p.m. C.T. By waiting until today, August 10, 2026, to seek a stay of an order entered orally four days ago on Thursday, August 6, 2026, AAC-Texas lost its chance to retain possession of the

Tooling, and its motion will now have no effect even if granted.[1]  The Motion can be denied on that ground.

*Second*, AAC-Texas never moved to stay the Order in the district court as Rule 8(a)(1) requires, and fails to show that such a motion to stay would have been futile.  The Motion is therefore premature and can be denied on that ground.

*Third*, AAC-Texas cannot show irreparable harm.  AAC-Texas does not claim to own the Tooling.  Mot. 11–12 (noting that "Appellant is not contesting" that "[it] does not have any equity in such property").  Nor does it claim to be producing parts with the Tooling — only that it "stands ready and willing" to do so.  Mot. 14.  But the Tooling is built to Tesla's specifications and can produce parts for no one else.  TRO ¶ 8.  An asset generating no income is not an asset whose retrieval creates an emergency.  Moreover, all three Parties remain before the district court, as that court retains jurisdiction over all Tooling-related matters, and AAC-Texas's bankruptcy is proceeding in the same district and division.  If possession should ultimately be found to reside with AAC-Texas, that can be ordered later.  AAC-Texas therefore suffers no harm from Tesla's retrieval of the Tooling now.  Tesla's

---

[1] To the extent AAC-Texas contends it is entitled to return of the Tooling, that is not the relief its Motion requests; it must first seek that relief in the district court, which retains jurisdiction over all issues relating to the Tooling in the ongoing bankruptcy matter, before asking this Court for that relief.

3

harm, by contrast and as repeatedly found by the district court, is immediate and irreparable. *See* TRO ¶¶ 5, 8. The Court can deny the Motion for this reason.

**Fourth**, AAC-Texas has not shown a likelihood of success. The district court's order rests on two independent decisions: (1) that the automatic bankruptcy stay does not apply because Tesla owns the Tooling and it is therefore not property of the estate, and, alternatively; (2) that the lifting of the automatic stay was warranted under § 362(d)(2). Dkt. 34 at 1–2. AAC-Texas must defeat both to prevail on appeal. But its challenge to the first, Mot. 12 n.4, is raised "only in a footnote," which is not enough to preserve it. *White Glove Staffing, Inc. v. Methodist Hosps. of Dallas*, 947 F.3d 301, 308 (5th Cir. 2020) ("Arguments subordinated in a footnote are insufficiently addressed in the body of the brief, and thus are waived."). That failure alone defeats AAC-Texas's Motion, as the Order can stand on its own if only that portion survives; the Court need not even reach the Section 362(d)(2) issue.

**Finally**, AAC-Texas's contention that it was denied an opportunity to present evidence on the Section 362(d)(2) issue is meritless. The district court had AAC-Texas's bankruptcy filings before it (Dkt. 30-1), and AAC-Texas has **never** identified what additional evidence it would have offered or how that evidence would have changed the result. Its emergency motion attaches no declaration and

4

no evidence that would show the district court erred in its decision. There is thus no basis for this Court to reverse the district court. The Motion should be denied.

## BACKGROUND

**I. AAC-Texas, its Affiliate, and their Shared Control Person Refuse to Release Tooling Owned by Tesla and Tesla Receives a TRO.**

This dispute's factual background was provided to this panel in Tesla's response to Angstrom Automotive's emergency motion, which was filed last week. *See* App.Dkt. 21 at 8-11. For efficiency, it will not be repeated here. In short, the record below shows that Tesla owns the Tooling, Tesla has an unconditional right to retrieve that Tooling, and Angstrom Automotive and AAC-Texas have refused to let Tesla do so.

A few additional facts are relevant to this Motion. The operative contract between Tesla and Angstrom Automotive binds all of Angstrom Automotive's affiliates. Dkt. 1 ¶ 33. One of those affiliates is AAC-Texas, which operates the Anderton Facility where the Tooling is held. *Id.* ¶ 34. AAC-Texas and Angstrom Automotive share the same control person, Nagesh Palakurthi, who makes all decisions concerning the Anderton Facility and the Tooling. *See* Dkt. 16 at 3-6. In addition to Mr. Palakurthi, AAC-Texas and Angstrom Automotive hold themselves out as a single business enterprise in active concert with one another, as Tesla produced substantial evidence demonstrating. *See id.* It is because of this evidence (along with the evidence elicited from live witness testimony at the hearing) that the

5

TRO issued by the district court expressly bound AAC-Texas and all of its "officers, directors, agents, employees, members, representatives, parents, subsidiaries, and affiliates" under Federal Rule of Civil Procedure 65(d)(2)(B)-(C).  TRO ¶ 11.

## II.    Less than 24 Hours Before Tesla's Retrieval Team Was Set to Arrive, AAC-Texas Filed for Bankruptcy.

Under the TRO, AAC-Texas and all others bound by the order were required to make their best efforts to complete preparations for the removal of the Tooling by *8 p.m. C.T. on August 4, 2026*, so that Tesla could begin retrieval at *8 a.m. C.T. the next day (August 5, 2026)*.  TRO, Ex. A.  Minutes after AAC-Texas's 8:00 p.m. deadline to prepare the Tooling for removal, AAC-Texas filed a voluntary Chapter 11 petition in the United States Bankruptcy Court for the Western District of Texas. Dkt. 30, Exhibit 1.  Because of this filing, Tesla was asked to not retrieve its Tooling as the TRO ordered. Dkt. 30 at 2.  Tesla filed an update in the district court noting the inability to comply with the TRO.  Dkt. 30.  The district court set a status conference the next day.  Dkt. 32.

## III.    The District Court Issues the Order Withdrawing the Reference and Granting Tesla Relief from the Automatic Stay.

At that status conference on August 6, AAC-Texas's bankruptcy counsel appeared and made arguments to the district court regarding the bankruptcy filing's impact on the TRO.  *See* Order at 1-2.  Following that hearing, the district court issued the Order, which did four things:

1. Granted Tesla's oral motion to withdraw the reference of AAC-Texas's bankruptcy case "as to all issues relating to the Tesla Tooling," and, alternatively, *sua sponte* withdrew the reference;

2. Held that the automatic stay is inapplicable to the Tooling because it is owned exclusively by Tesla and any ownership and possessory rights of AAC-Texas were adjudicated in favor of Tesla before the bankruptcy filing. "Therefore . . . the Tooling was already removed from the potential [AAC-Texas] estate, and is not impacted by the subsequent bankruptcy filing."

3. Held that, to the extent applicable, the automatic stay is lifted "as to the Tesla Tooling for all purposes," including that to allow Tesla to retrieve its Tooling at the Anderton Facility under the TRO.

4. Found that, based upon the "entire record, evidence, and arguments presented in this case," that relief from the automatic stay should be granted under 11 U.S.C. § 362(a) because AAC-Texas lacked equity in the Tooling and the Tooling "is not necessary to an effective reorganization." Specifically, because Tesla intended to reclaim its "rightful property" and received a TRO to do so immediately, the Tooling would have no place in AAC-Texas's reorganization.

Dkt. 34 at 1-2. Crucially, AAC-Texas did not move to stay that Order; only Angstrom Automotive (the "Defendant" in that Order) did. *See id*. ¶ 7.

## IV. AAC-Texas Gives Notice of this Appeal Only After This Court Denies AAG's Motion to Stay TRO.

AAC-Texas chose to wait before it appealed the Order. It did not appeal the Order the next day after its issuance; instead, it waited until four days after the district court entered the Order on August 7, until after Angstrom Automotive filed an emergency motion to stay the TRO with this Court, *see* App.Dkt. 12-1, and until after this Court denied Angstrom Automotive's motion earlier today and lifted the

7

administrative stay, *see id.* at Dkt. 29-2, to notify Tesla that it was finally appealing the Order and that it would seek emergency relief when doing so.

**V.      Tesla Completes Retrieval of the Tooling, Mooting AAC-Texas's Motion.**

AAC-Texas filed the present Motion at approximately 4:13 p.m. C.T.  But it was too late; Tesla had started retrieving the Tooling from AAC-Texas's facility at approximately 3:00 p.m. C.T. and completed retrieval of all Tooling at the facility by approximately 5:50 p.m. C.T.  AAC-Texas no longer possesses any of that Tooling.  Tesla's counsel promptly advised AAC-Texas's counsel via email that retrieval was complete and asked AAC-Texas to inform this Court that the Motion is now moot.  As of the filing of this Response, AAC-Texas's counsel has not responded to Tesla's email or filed such a notice.

**ARGUMENT**

"A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer live . . ." *Yarls v. Bunton*, 905 F.3d 905, 909 (5th Cir. 2018) (citation omitted, cleaned up).  Relevant here, a motion to stay is moot if "[a] stay would have no effect." *In re IFS Fin. Corp.*, 803 F.3d 195, 209 (5th Cir. 2015).

Even if the Motion is not moot, a stay pending an appeal is an "extraordinary remedy." *Thomas v. Bryant*, 919 F.3d 298, 303 (5th Cir. 2019).  Four well-established factors govern: "1) whether the applicant has made a strong showing of

8

likelihood to succeed on the merits; 2) whether the movant will be irreparably harmed absent a stay; 3) whether issuance of a stay will substantially injure other interested parties; and 4) where the public interest lies." *Id*. "The first two factors are usually the most important." *Id*. But even if the irreparable injury factor tilts towards movant, "[a] stay is not a matter of right," but rather "an exercise of judicial discretion." *Nken v. Holder*, 556 U.S. 418, 433-34 (2009). The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion. *Id*. AAC-Texas has not shown that.

## I.    AAC-Texas's Motion is Moot.

As a threshold matter, AAC-Texas's motion should be denied as moot. "[A]n appeal should . . . be dismissed as moot when, by virtue of an intervening event, a court of appeals cannot grant 'any effectual relief whatever' in favor of the appellant." *Calderon v. Moore*, 518 U.S. 149, 150 (1996). In particular, mootness results when, "in the absence of a stay, action of a character which cannot be reversed by the court of appeals [is] taken in reliance on the lower court's decree," and "[a]s a result, the court of appeals . . . become[s] powerless to grant the relief requested by the appellant." *Am. Grain Ass'n v. Lee-Vac, Ltd.*, 630 F.2d 245, 247 (5th Cir. 1980).

Here, a stay of the Order that allows Tesla to retrieve the Tooling would have no effect because Tesla has already retrieved the Tooling. Because a stay of the

9

Order would not undo that retrieval, the Motion is moot.  *See, e.g.*, *In re IFS Fin. Corp.*, 803 F.3d at 209 (motion for stay becomes moot once the subject matter of the requested relief has already been removed or replaced).

## II.   AAC-Texas's Motion Is Not Ripe Because It Failed to Request a Stay Pending Appeal in the District Court.

As another threshold matter, AAC-Texas's motion should be denied because it fails to satisfy mandatory appellate procedural requirements.  Specifically, Federal Rule of Appellate Procedure 8(a) mandates that the party moving for a stay in a court of appeals must first either try and fail to obtain a stay in the district court or "show that moving first in the district court would be impracticable."  *Whole Woman's Health v. Paxton*, 972 F.3d 649, 653 (5th Cir. 2020) (failure to show the impracticability of moving first in the district court is sufficient grounds to deny motion).  This Court has consistently interpreted that impracticability exception narrowly, recognizing that the "district court should have the opportunity to rule on the reasons and evidence presented in support of a stay, unless it clearly appears that further arguments in support of the stay would be pointless in the district court." *Ruiz v. Estelle*, 650 F.2d 555, 567 (5th Cir. 1981).

AAC-Texas admits that it did not move to stay below, but contends that doing so would have been "impracticable and a waste of judicial resources" given the district court's denial of Angstrom Automotive's oral motion at the hearing.  Mot. 10.  That is incorrect; a motion to stay from AAC-Texas would not have been

redundant because it would have been based on different grounds specific to its status as a bankruptcy debtor. As the Court can readily see, AAC-Texas has made different arguments to stay the Order than Angstrom Automotive made to stay the TRO or that it could have made regarding the Order. *Compare* App.Dkt. 12, *with* App.Dkt.39. Specifically, AAC-Texas's Motion rests on arguments specific to its status as a "debtor-in-possession," Mot. 6, which non-debtor Angstrom Automotive lacked standing to raise and on which the district court never had the opportunity to rule. AAC-Texas's non-compliance with Rule 8(a) is therefore independently dispositive and warrants denial of this motion without reaching the merits.

## III.    AAC-Texas Has Not Shown Irreparable Harm Outweighing Tesla's Harm or That a Stay Favors the Public Interest.

Even if AAC-Texas's Motion were not moot and were procedurally proper, AAC-Texas still fails to show that it would suffer any irreparable harm if Tesla retrieves the Tooling, let alone harm sufficient to outweigh the other relevant equitable factors—namely, *Tesla's* harm from being unable to retrieve its Tooling (which the district court found to be irreparable) and the public interest.

Indeed, AAC-Texas fails to show *any* irreparable harm absent a stay. The Tooling presently has, at most, nominal value to AAC-Texas; it is not even presently using the Tooling, and it cannot use the Tooling to produce non-Tesla parts. To AAC-Texas, the Tooling are simply large hunks of metal.

11

AAC-Texas's primary argument for irreparable harm is that it will be denied the protections of Chapter 11 if the Tooling—which it does not dispute Tesla owns and has the contractual right to retrieve—is taken from its possession before it can "present its case for reorganization." Mot. 14. But neither the TRO nor the Order state that all issues regarding the Tooling are conclusively decided, or that AAC-Texas is estopped from arguing that it should receive possession of the Tooling in the future. All that AAC-Texas would lose by Tesla's retrieval is the power to leverage to make exorbitant, extra-contractual demands from Tesla while holding the Tooling under the guise of reorganization. *See e.g.*, Dkt. 1 ¶ 3. AAC-Texas cannot manufacture irreparable harm by wrongfully withholding another party's property and then claiming it would be harmed by returning it.

Further, the Motion entirely fails to establish why Tesla would not face substantial irreparable harm if the Court issues a stay, a required element for the Court to grant the relief AAC-Texas seeks. The Motion ignores both the district court's repeated findings that emergency relief was needed to prevent irreparable harm to Tesla, *see* TRO ¶ 5; Dkt. 28 at 1, and the voluminous evidentiary record supporting those findings. *See* Dkts. 1, 4, 16. Indeed, since the grant of the TRO last week, Tesla's harm has only grown. Dkt. 16 at 8.

Instead of meeting its burden to disprove Tesla's harm, AAC-Texas makes the conclusory assertion that it will be harmed absent a stay and suggests, again, that

12

it is "ready and willing" to manufacture parts for Tesla.  Mot. 14.  Whatever its purported willingness, however, AAC-Texas is not actually selling parts to Tesla made with the Tooling right now, and Tesla is not buying any such parts.  The Motion thus fails to meet its burden on this factor.

Additionally, AAC-Texas fails to show that a stay would serve the public interest.  It argues that the public interest favors a stay because it would promote the "breathing room" that Chapter 11 is intended to provide. Mot. 15.  But that breathing room is intended to assist the debtor with the "equitable disbursement of *estate property*," which the Tooling, by order of the district court after significant factual development, is not.  *See In re Chesnut*, 422 F.3d 298, 301 (5th Cir. 2005) (explaining purpose of automatic stay to prevent creditors from "obtain[ing] as much property of the *debtor's* limited estate as possible" (emphasis added)).  There is no improper bankruptcy "scramble" occurring here; Tesla is simply retrieving its own property, which the district court ordered Tesla to retrieve before AAC-Texas ever filed bankruptcy.  *See* Order at 1-2 (finding the Tooling had already been "removed from the potential [AAC-Texas] estate" before bankruptcy).

What AAC-Texas really asks this Court to preserve is leverage.  AAC-Texas's affiliate announced it would close the Anderton Facility.  Dkt. 1 ¶ 42.  AAC-Texas then refused to release equipment in which it concedes it has no equity, Mot. 11-12, and told Tesla it could avoid the consequences by paying AAC-Texas, Dkt. 10-1

13

¶¶ 31, 35.  The public interest is not served by allowing a party to hold another company's property as ransom, particularly when the contract governing that relationship sets out otherwise.  *See, e.g.*, *Robogistics, LLC v. Siemens Ind., Inc.*, Cause No. 1:22-cv-00474, 2023 WL 6614427, at * 2 (E.D. Tex. July 20, 2023) ("the public interest is served by enforcing contracts entered into by the parties.") (citation omitted).  It is, however, served by the enforcement of court orders issued after substantial evidentiary hearings.  *See* Dkts. 24; 34.  Each of these three factors warrants denial of the Motion.

## IV.    AAC-Texas Has Not Shown That It Is Likely to Succeed on the Merits.

AAC-Texas fails to meet its burden to make a "strong showing" that it is likely to succeed on the merits of its appeal, for two independent reasons.  *See, e.g.*, *Thomas*, 919 F.3d at 303.  First, AAC-Texas fails to sufficiently challenge the district court's finding that the Tooling is outside the bankruptcy estate.  *Cf.* Mot. 12 n.4; Dkt. 34 ¶ 2.  Second, AAC-Texas fails to show any error in the district court's finding that the automatic stay should be lifted because the Tooling is not necessary to an effective reorganization.  *Cf.* Mot. 11-13; Dkt. 34 ¶¶ 2-3.

### A.    AAC-Texas fails to challenge the district court's finding that the Tooling is not subject to the automatic stay.

First, AAC-Texas fails to properly challenge the district court's independent holding that the Tooling is outside the bankruptcy estate and not subject to the automatic stay.  The Motion's discussion of this issue, Mot. 12 n.4, is raised "only

14

in a footnote," and so is not preserved. *See White Glove Staffing, Inc.*, 947 F.3d at 308. Moreover, even if a footnote were potentially sufficient, AAC-Texas's footnote fails to identify any purported error in the district court's determination that the Tooling is outside the estate. Instead, it argues only that the reasons presented by Tesla at the hearing were "not dispositive" of the issue, and gestures vaguely towards how the applicability of the stay can turn on "complex analyses." Mot. 12 n.4. That is not enough to carry AAC-Texas's burden to show it has a likelihood of success on any challenge to the district court's determination.[2]

Further, the district court's holding was correct as a matter of law. *See Reliant Energy Servs., Inc. v. Enron Canada Corp.*, 349 F.3d 816, 825 (5th Cir. 2003) (applying de novo review to scope of automatic stay). It is hornbook law that the "automatic stay *only applies* to property of the debtor and the bankruptcy estate." *In re Taylor*, No. 25-34536, 2026 WL 795489, at *4 (Bankr. S.D. Tex. Mar. 20, 2026) (emphasis added). While a party violates the automatic stay by unilaterally seizing

---

[2] To the extent AAC-Texas's footnote argues that the District Court erred in deciding the stay issue without "providing the Appellant an opportunity to demonstrate the analyses and elements demonstrating that the possessory interest . . . is sufficient," Mot. 12 n.4, that argument fails also. As AAC-Texas admits, it had actual notice of, appeared at, and presented argument at the August 7 hearing, Mot. 8, 11, 12, which is all that is required before the stay is lifted. *In re Lentino*, --- F.3d ---, No. 98-2062, 1999 WL 77140, at *2 (5th Cir. 1999) (debtor objecting to lifting of stay is entitled only to "such notice is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances").

property "to which the debtor has only an arguable claim of right," that does not mean that all "arguable property" is in fact part of the bankruptcy estate. *See In re Chesnut*, 422 F.3d at 300, 303-304. And even if it the property is arguable and subject to the stay, a court can still lift that stay so long as it engages in *some* process. *See id.* at 304 (bankruptcy law requires "some process" before a court determines whether "arguable" estate property is in fact estate property); *see also In re Young*, 416 F. App'x 392, 399 (5th Cir. 2011) (automatic stay can be lifted as to arguable estate assets after "findings concerning their ownership"). The instant case is not an example of unilateral seizure where Tesla asked the district court to bless, *post hoc*, its recover of property; here the district court made findings, **then** Tesla retrieved its property. Under these circumstances, AAC-Texas cannot show that the Order's determination was erroneous by citing caselaw that requires, at most, that the Court engage in the process and make a determination that it has already made.

In any event, the Order does not conflict with *In re Chesnut* because the Tooling was "obviously not property of the estate" to begin with. *In re Chesnut*, 422 F.3d at 306 (noting that merely making a claim to a piece of property in a bankruptcy petition does not automatically transform it into arguable property). Indeed, AAC-Texas's bankruptcy petition expressly admitted it does not own the Tooling, just as the district court found in the TRO. Dkt. 30 at Ex. 1; TRO ¶ 9. To the extent AAC-Texas suggests that the Tooling is now part of the estate because it had physical

16

possession of it when it filed for bankruptcy, the argument fails because possession only puts property inside the estate when there is a "good-faith, colorable claim to or basis for possession of" the property. *See, e.g.*, *In re Johnson*, 429 B.R. 540, 544-45 (Bankr. D.S.C. 2010) (truck in debtor's possession, but belonging to employer, was not property of estate, so its repossession did not violate the automatic stay). AAC-Texas has no such good faith basis because, as expressly found in the Order, the TRO "adjudicated Tesla's rightful ownership and ***possessory rights***" over the Tooling—and it did so ***before*** the bankruptcy petition was filed. Order at 2. AAC-Texas was thus divested of even any arguable possessory interest in the Tooling ***prior*** to filing for bankruptcy, rendering the automatic stay inapplicable. *See In re Haynes*, 283 B.R. 147, 156 (Bankr. S.D.N.Y. 2002) (holding that a "mere possessory interest" did not warrant application of the stay when the debtor had "lost any ownership right" before filing).

Therefore, this Court should deny the Motion because AAC-Texas has not shown a likelihood of success.

**B.    AAC-Texas fails to show that the Tooling is necessary for AAC-Texas's effective reorganization.**

Second, even if the Tesla Tooling were subject to the automatic stay, the Motion should be denied because AAC-Texas fails to show that the district court erred in granting relief from the automatic stay. This Court's review of this aspect of the Order is for abuse of discretion. *In re Lentino*, 1999 WL 77140, at *2. In

17

general, a district court only abuses its discretion in modifying the automatic stay if it "applies an improper legal standard or bases its decision on clearly erroneous facts." *Cain v. Rackspace U.S., Inc.*, No. SA-14-MC-333-XR, 2014 WL 3495715, at *1 (W.D. Tex. July 10, 2014).　The district court did neither here.

Section 362(d)(2) of the Bankruptcy Code requires the court to lift the automatic stay with respect to an act against property when (A) "the debtor does not have an equity in such property" and (B) "such property is not necessary to an effective reorganization."　11 U.S.C. § 362(d)(2).

AAC-Texas concedes that it has no equity in the Tesla Tooling, so the first prong is not disputed here.　Mot. 12.　And it has entirely failed to carry its burden on the second.　*See* 11 U.S.C. § 362(g) (establishing burden).　The Tooling is currently valueless to AAC-Texas.　It cannot be used to produce parts for anyone other than Tesla, AAC-Texas refused to produce parts for Tesla before it filed for bankruptcy, and Tesla has no intention of buying parts from AAC-Texas now.　The Tooling is therefore not a relevant source of income for reorganization.　*See* Dkt. 1 ¶¶ 12, 42-48, *see In re Wilks*, 123 B.R. 555, 562 (Bankr. W.D. Tex. 1991) (concluding asset must produce income to be necessary for reorganization).

AAC-Texas errs in relying on *In re Plastech Engineered Products, Inc.*, for the proposition that the automatic stay should not be lifted merely because a debtor is holding property that it does not have an interest in.　382 B.R. 90 (E.D. Mich.

18

2008).    There, the tooling possessed by the debtor was found necessary for reorganization because it was ***actively*** producing parts for ***multiple major customers*** during good-faith restructuring negotiations.  *Id.* at 111.  Here, the Tooling was sitting idle in the AAC-Texas Facility until Tesla removed it today.  *See* App.Dkt. 12-2 at 7 (asserting that AAC-Texas "can" and "will" produce parts, but not that it currently is or that Tesla would ever request same).  That idleness contributes nothing to the "prospect" of an effective reorganization.  *See United Savings Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 376 (1988).

## V.  The District Court Did Not Abuse Its Discretion by Ruling on the Record Before It.

AAC-Texas's remaining contention is that the district court erred by ruling on Section 362(d)(2) without allowing it to put on evidence.  Mot. 10–13.  That argument fails as well.

To begin, AAC-Texas concedes that it bears the burden to show that the Tooling is "necessary to an effective reorganization."  Mot. 13.  Yet AAC-Texas never identifies what evidence it would have offered, what a witness would have said, or how any evidence would have changed the district court's decision.  AAC-Texas's threadbare, conclusory assertions of what the evidence "will show" and what it was "not permitted to demonstrate" cannot carry its burden by itself.  Mot. 13-14; *In re Moye*, No. H-09-2747, 2010 WL 3259386, at *8 (S.D. Tex. Aug. 17,

2010) (rejecting complaints about debtor's opportunity to respond because the debtor "has not shown what evidence it was unable to present").

The record before the district court was also not thin. The court had AAC-Texas's bankruptcy filings, Dkt. 30, Ex. 1, the evidence from the July 31 hearing, Dkt. 18, and roughly two hours of argument at which AAC-Texas's counsel appeared. Mot. 11, 13–14. Though Section 362(d) requires "notice and a hearing," the Bankruptcy Code defines "notice and a hearing" to mean "such notice *as is appropriate in the particular circumstances*." 11 U.S.C. § 102(1)(A) (emphasis added). And it "authorizes an act without an actual hearing if such notice is given properly" and "*there is insufficient time* for a hearing to be commenced before such act must be done." *Id.* § 102(1)(B) (emphasis added). Those were precisely the circumstances the district court confronted when it signed the Order. Dkt. 34 at 2 (allowing Tesla to retrieve its Tooling at the "earliest opportunity").

## VI.   Mandamus Is Unwarranted.

AAC-Texas's alternative request for mandamus fails for all the foregoing reasons, and for an additional one. Mandamus is "a drastic and extraordinary remedy reserved for really extraordinary causes." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (citation and internal quotation marks omitted). It is available only where "(1) the petitioner has shown a clear and indisputable right to the writ; (2) the court is satisfied that the writ is appropriate under the circumstances; and (3) the

petitioner has no other adequate means to attain the relief it desires." *In re Depuy Orthopaedics, Inc.*, 870 F.3d 345, 350 (5th Cir. 2017) (cleaned up). AAC-Texas forfeited any argument on this issue by failing to address any of these requirements. *Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021) ("A party forfeits an argument . . . by failing to adequately brief the argument on appeal."). The Court need not go further into the requested mandamus relief than that.

## CONCLUSION

For the foregoing reasons, Tesla respectfully requests that this Court deny AAC-Texas's Motion.

Dated: August 10, 2026

**NORTON ROSE FULBRIGHT US LLP**

*/s/ Ethan Glenn*
Marc B. Collier
Texas Bar No. 00792418
marc.collier@nortonrosefulbright.com
Ethan Glenn
Texas Bar No. 24101810
ethan.glenn@nortonrosefulbright.com
Telephone:   (512) 474-5201
Facsimile:    (512) 536-4598

-and-

Kevin Lie
Texas Bar No. 24136085
kevin.lie@nortonrosefulbright.com
1550 Lamar St., Suite 2000
Houston, TX 77010
Telephone:   (713) 651-3769
Facsimile:    (713) 651-5246

*Counsel for Plaintiff-Appellee Tesla, Inc.*

22

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that an electronic copy of this document was served by the Court's electronic-filing system on counsel for Appellants in compliance with Federal Rule of Appellate Procedure 25 and Fifth Circuit Rule 25.2.5 on August 10, 2026. The undersigned counsel further certifies that an electronic (PDF) copy of said motion was electronically filed with the Clerk of the Fifth Circuit in compliance with Fifth Circuit Rule 25.2 on August 10, 2026.

Dated:  August 10, 2026                    */s/ Ethan Glenn*
                                           Ethan Glenn

                                           *Counsel for Plaintiff-Appellee*

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limitations of Fed. R. App. P. 27(d)(2) because it contains 5,196 words, excluding those items identified in Fed. R. App. P. 32(f). This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman typeface.

Dated:  August 10, 2026                    */s/ Ethan Glenn*
                                           Ethan Glenn

                                           *Counsel for Plaintiff-Appellee*

23