No. 26-50650

IN THE

# United States Court of Appeals for the Fifth Circuit

ANGSTROM AUTOMOTIVE GROUP, L.L.C.,

Defendant-Appellant,

ANGSTROM ALUMINUM CASTINGS TEXAS, L.L.C.,

Appellant,

v.

TESLA, INC.,

Plaintiff-Appellee.

On Appeal from the United States District Court
for the Western District of Texas, Waco Division
The Honorable Christopher R. Wolfe, Presiding Judge
Case No. 6:26-CV-00477

**APPELLEE'S CORRECTED MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION**

MARC B. COLLIER
ETHAN GLENN
NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Boulevard, Suite 1100
Austin, TX 78701
(512) 474-5201

KEVIN LIE
NORTON ROSE FULBRIGHT US LLP
1550 Lamar Street, Suite 2000
Houston, TX 77010
(713) 651-3607

August 20, 2026

*Counsel for Plaintiff-Appellee Tesla, Inc.*

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ..................................................... ii

INTRODUCTION ...........................................................................................1

BACKGROUND .............................................................................................3

ARGUMENT ..................................................................................................4

I. TROs are Not Appealable Orders Under Section 1292(a)(1)........................................................................5

II. The Exceptions to the Non-Appealability of TROs Do Not Apply Here. ......................................................................5

III. The Appeal of the TRO is Moot. ..........................................14

IV. The Writ of Replevin is Not Subject to Interlocutory Appeal and is Moot. ..............................................................16

CONCLUSION ..............................................................................................18

CERTIFICATE OF SERVICE .......................................................................20

CERTIFICATE OF COMPLIANCE ..............................................................20

CERTIFICATE OF CONFERENCE ..............................................................21

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1. Plaintiff-Appellee is Tesla, Inc.
2. Attorneys for Plaintiff-Appellee are Marc B. Collier, Ethan Glenn, Kayla Ahmed, and Kevin Lie of Norton Rose Fulbright US LLP.
3. Appellants are Angstrom Automotive Group, L.L.C. and Angstrom Aluminum Castings, LLC.
4. Attorneys for Defendant-Appellant Angstrom Automotive Group, L.L.C. are Stephen van Stempvoort and Todd Holleman of Miller Johnson.
5. Attorneys for Appellant Angstrom Aluminum Castings Texas, LLC are Jason Binford, J. Casey Roy, and JaKayla J. DaBera of Kane Russell Coleman Logan, P.C.

Dated: August 20, 2026

*/s/Ethan Glenn*
Ethan Glenn

*Counsel for Plaintiff-Appellee*
*Tesla, Inc.*

Plaintiff-Appellee Tesla, Inc. ("Tesla") files this Motion to Dismiss ("Motion") Defendant-Appellant Angstrom Automotive Group, LLC's ("Angstrom Automotive") Notice of Appeal, App.Dkt. 1 ("Appeal"), because the Court lacks jurisdiction to hear it.[1]

## INTRODUCTION

This Court should dismiss Angstrom Automotive's Appeal of a temporary restraining order that expired on August 17, 2026. Having already denied Angstrom Automotive's motion for a stay pending appeal, App.Dkt. 16, the Court should now dismiss the appeal itself.

To begin, the law is well-settled that temporary restraining orders are not appealable. Here, the district court entered a classic Rule 65(b) temporary restraining order (Dkt. 24, the "TRO") expressly limited to fourteen days, explicitly contemplating further proceedings, and retaining full authority to modify or dissolve the relief. *See also* Dkt. 40 ¶ 16 (publicly available redacted version of Dkt. 24). It also did not irrevocably alter either party's rights or the ability of the district court to make an appropriate award of relief at the resolution of this litigation. Because the TRO was temporary and has already expired, it does not constitute an appealable

[1] At this time, Tesla moves to dismiss only Angstrom Automotive Group, L.L.C.'s appeal, App.Dkt. 1, and does not move to dismiss Angstrom Aluminum Castings Texas, L.L.C.'s appeal, App.Dkt. 32. Tesla expressly reserves all rights to seek dismissal of Angstrom Aluminum Castings Texas, L.L.C.'s appeal at a later time.

injunction under Section 1292(a)(1), and the Court lacks jurisdiction to hear Angstrom Automotive's appeal. The Court should therefore dismiss the appeal on this basis alone.

On top of that, the Court should also dismiss Angstrom Automotive's Appeal because it is now moot. Without a live controversy or the ability to issue effective relief, the Court lacks jurisdiction to hear the appeal. This Court has already denied Angstrom Automotive's motion to stay the enforcement of the TRO and dissolved the administrative stay. App.Dkt. 29-1. After receiving notice of this Court's order denying a stay, Tesla retrieved the Tooling from Angstrom Automotive's Anderton Facility in Troy, Texas on August 10, 2026, and then retrieved the Tooling located at the Enforge, LLC facility in North Carolina on August 12, 2026. With those retrievals completed, the relief Angstrom Automotive seeks on this appeal—overturning the issuance of the TRO, which required it to give Tesla access to its facilities to retrieve the Tooling and to otherwise release the Tooling to Tesla—is now moot. If Angstrom Automotive believes it is legally entitled to regain Tesla's Tooling during the pendency of the underlying litigation, nothing prevents Angstrom Automotive from seeking that relief in the district court—it just can't get that relief via this mooted Appeal.

This Court should therefore dismiss Angstrom Automotive's Appeal for lack of jurisdiction.

## BACKGROUND

On August 3, 2026, the United States District Court for the Western District of Texas entered the TRO memorializing its oral ruling on the record at the July 31, 2026 hearing. Dkt. 40. The district court found, in addition to the other required elements for a TRO, that Tesla would suffer irreparable harm if it was not permitted to retrieve the manufacturing equipment that it undisputedly owns and that is critical to its production line (the "Tooling"), and that it had a substantial likelihood of success on its claims related to the Tooling. Dkt. 40 ¶¶ 4-7. Accordingly, the TRO specifically enjoined and restrained Angstrom Automotive and its affiliates from hiding, concealing, removing, modifying, selling, damaging, destroying, or otherwise affecting the Tooling until Tesla retrieved it. *Id.* ¶ 13. The TRO further enjoined and restrained Angstrom Automotive (and those acting in concert with it) from preventing Tesla from accessing, inspecting, and removing its Tooling at each facility where the Tooling was physically located. *Id.* ¶ 14.

The TRO also provided that Tesla would be allowed to retrieve the Tooling and conditionally granted, but did not issue, a writ of replevin in the event the retrieval of the Tooling was not effectuated under that temporary restraining order and corresponding instructions. *Id.* ¶ 14. Importantly, the district court expressly reserved the parties' right to a subsequent preliminary injunction hearing. *Id.* ¶ 16.

## ARGUMENT

This Court lacks jurisdiction over Angstrom Automotive's Appeal for two reasons. First, the TRO at issue "does not qualify as an 'injunction' under [28 U.S.C. § 1292(a)(1)]," and so this Court does not have appellate jurisdiction. *Matter of Lieb*, 915 F.2d 180, 183 (5th Cir. 1990) (collecting cases). Indeed, this Court generally "prohibit[s] appeals from the grant or denial of a temporary restraining order" because of "concerns about mootness." *Id.* "[I]nterlocutory appeals—appeals before the end of district court proceedings—are the exception, not the rule." *Johnson v. Jones*, 515 U.S. 304, 309 (1995).

Second, this Court lacks jurisdiction because, even if the TRO was originally appealable, the Appeal is now moot. "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer live . . . ." *Yarls v. Bunton*, 905 F.3d 905, 909 (5th Cir. 2018) (cleaned up). When a TRO "would have expired in any case," the appeal of that TRO "is moot and is not likely to occur again." *Newby v. Enron Corp.*, 302 F.3d 295, 300 (5th Cir. 2002).

Accordingly, dismissal is warranted. *See Armstrong v. Ashley*, 918 F.3d 419, 421–22 (5th Cir. 2019) (dismissing appeal for lack of jurisdiction).

## I. TROs are Not Appealable Orders Under Section 1292(a)(1).

Section 1292(a)(1) gives courts of appeals jurisdiction over interlocutory orders "granting, continuing, modifying, refusing or dissolving injunctions." 28 U.S.C. § 1292(a)(1). "A temporary restraining order, however, does not qualify as an 'injunction' under this section." *Matter of Lieb*, 915 F.2d at 183 (collecting cases). This holding "has its basis in concerns about mootness." *Id.* "Because the normal time span of an appeal is measured in months rather than days, the order would be moot long before it could be reviewed." *Id.*

The temporary and limited nature of this TRO—which has expired —renders interlocutory appeal not only unavailable, but also unnecessary. The Appeal should therefore be dismissed. *See Porter v. Times Grp.*, 902 F.3d 510, 513 (5th Cir. 2018) ("If we are without jurisdiction, we must dismiss."); *see also Gore v. City of Desoto*, No. 25-11251, 2026 WL 2033175, at *1 (5th Cir. July 14, 2026) (dismissing appeal of TRO because federal appellate court jurisdiction "is limited to appeals from final decisions of the district courts" and certain interlocutory injunctions, not including TROs).

## II. The Exceptions to the Non-Appealability of TROs Do Not Apply Here.

The only limited and narrow exception to the rule that TROs are not immediately appealable is when a TRO "has the same practical effect as the granting of a preliminary injunction." *Turner v. Epps,* 460 F. App'x 322, 325 (5th Cir. 2012)

(cleaned up). To determine whether a TRO can be construed "as an appealable preliminary injunction," courts look to whether the TRO "carries many of the hallmarks of a preliminary injunction." *Dep't of Educ. v. California*, 604 U.S. 650, 651 (2025). Although no definitive test governs whether a temporary restraining order is the functional equivalent of an injunction for purposes of interlocutory appealability under 28 U.S.C. § 1292(a)(1), courts have considered: (1) whether the temporal scope of the order exceeds that permitted by Federal Rule of Civil Procedure 65(b)(2);[2] (2) whether the order goes beyond preservation of the status quo and mandates affirmative relief;[3] (3) whether the order was entered after a thorough evidentiary hearing;[4] and (4) whether the order permanently and irretrievably alters the parties' rights.[5] As discussed below, three of these four

---

[2] *See Jones v. Belhaven Coll.*, 98 F. App'x 283, 284 (5th Cir. 2004) (determining the continuation of a TRO beyond the twenty-day maximum in Fed. R. Civ. P. 65 had the same practical effect as a preliminary injunction).

[3] *See Hope v. Warden York Cnty. Prison*, 956 F.3d 156, 160-61 (3rd Cir. 2020).

[4] *See, e.g., Belo Broad. Corp. v. Clark*, 654 F.2d 423, 426 (5th Cir. Unit A Aug. 1981).

[5] *Shanks v. City of Dallas*, 752 F.2d 1092, 1095 (5th Cir. 1985) ("The § 1292(a)(1) exception to the final judgment rule embodies only orders that have a direct impact on the merits of the controversy or pass on the legal sufficiency of the complaint."); *Ne. Ohio Coal. for Homeless & Serv. Emps. Int'l. Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1005–06 (6th Cir. 2006) ("[C]ourts have allowed interlocutory appeal of TROs which threatened to inflict irretrievable harms before the TRO expired.").

considerations weigh against interlocutory appealability and the fourth (evidentiary hearing) is not accompanied by the circumstances that would support appealability either.

### A. The TRO's temporal scope is within the Rule 65(b)(2) limits.

The most straightforward indicator that an order is a TRO, not a preliminary injunction, is that it is bounded by the time limit of Federal Rule of Civil Procedure 65(b)(2). *See Matter of Lieb*, 915 F.2d at 183. Here, the temporal scope of the TRO was fourteen days: definite, short, and squarely within the limit prescribed by Rule 65. The TRO also does not impose any additional obligations on either Angstrom Automotive or Tesla or attempt to govern the parties' relationship beyond that fixed fourteen-day period. A preliminary injunction, by contrast, remains in full force pending resolution of the entire litigation, which by definition has an unknown end date when the injunction is issued. *Sec. & Exch. Comm'n v. First Fin. Grp. of Tex.*, 645 F.2d 429, 433 (5th Cir. Unit A May 1981). The duration of the TRO is therefore not a basis for this Court to find that the TRO constitutes an appealable injunction. *See Bd. of Governors of Fed. Rsrv. Sys. v. DLG Fin. Corp.*, 29 F.3d 993, 1000 (5th Cir. 1994) (finding short-duration TRO regarding property unappealable).

### B. The TRO merely preserves the status quo and prevents irreparable harm to Tesla by enforcing the parties' contract.

Angstrom Automotive previously asserted in its Motion to Stay pending appeal that the TRO "changes the status quo" by removing the Tooling from its

possession indefinitely. App.Dkt 12-1 at 19-20. "It must not be thought, however, that there is any particular magic in the phrase 'status quo.'" *Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974). The purpose of a TRO, like a preliminary injunction, "is always to prevent irreparable injury . . ." *Id.* "It often happens that this purpose is furthered by preservation of the status quo, ***but not always***." *Id.* (emphasis added). "If the currently existing status quo itself is ***causing*** one of the parties irreparable injury, it is necessary to alter the situation so as to prevent the injury" by either returning the parties to last uncontested status ***or*** "by allowing the parties ***to take proposed action*** that the court finds will ***minimize*** the irreparable injury." *Id*. (emphasis added). "The focus always must be on prevention of injury by a proper order, not merely on preservation of the status quo." *Id.*

That is what happened here; the TRO minimized or altogether prevented Tesla from suffering further irreparable injury by effectuating the retrieval of the Tooling. Dkt. 40 ¶ 9 (finding that "Tesla owns the Tooling"); *id.* ¶ 5 (finding irreparable injury). The TRO is therefore proper and allows the minimal proposed action of enforcing Angstrom Automotive's pre-existing contractual commitment—dating back to August 2021—to allow Tesla unrestricted access to and possession of its Tooling without being subject to Angstrom Automotive's demand for extra-contractual payments. The Tooling ***never belonged*** to Angstrom Automotive, and Angstrom Automotive ***never had any right*** to refuse Tesla access to or possession

of the Tooling. Dkt. 1 ¶¶ 32, 35. To the contrary, the parties' contract expressly confirms Tesla's unconditional ownership of the Tooling and its absolute right to retrieve it at any time, for any reason or with no reason at all. *Id.* Angstrom Automotive's refusal to allow Tesla to retrieve the Tooling upon Tesla's demand thus upset the status quo; the mandatory act was a way to minimize harm from that refusal.

The TRO therefore preserves the status quo by respecting Tesla's title to and contractual rights over the Tooling—which preceded this dispute and which Angstrom Automotive has never disputed—and enforcing Tesla's unconditional and unrestricted right to retrieve the Tooling. *See U.S. v. F.D.I.C.*, 881 F.2d 207, 210 (5th Cir. 1989) ("[D]istrict court has the equitable power to return the parties to their last uncontested status."). The express language of the TRO provides that Angstrom Automotive, and those acting in concert with it, may not prevent Tesla from retrieving its Tooling. Dkt. 40 ¶ 14. Thus, the only affirmative act the TRO requires of Angstrom Automotive is to comply with its preexisting contractual commitment and permit Tesla access to its Tooling upon arrival, which Angstrom Automotive had refused to do unless Tesla made extra-contractual payments inconsistent with the parties' agreement.

Angstrom Automotive also suggested the TRO is appealable merely because it "imposes affirmative retrieval obligations upon" itself and Angstrom Aluminum

Castings, Texas. App.Dkt. 12-1 at 12. But it cites no authority—and Tesla has found none—holding that a temporary restraining order is appealable simply because it compels an affirmative act. Indeed, such a rule would eviscerate, for appellate purposes, the Rule 65 distinction between temporary restraining orders and preliminary injunctions and sweep a whole category of temporary restraining orders into appellate jurisdiction. But mandatory temporary restraining orders are permissible. *See, e.g.*, *In re Bahadur*, 441 F. Supp. 3d 467, 473 (W.D. Tex. 2020) ("TROs can also be mandatory—in other words, they can order a party to perform an affirmative act or mandate a specific course of conduct to compel the performance of a duty." (cleaned up)). And this particular argument does not align with this Court's prior guidance and decisions.

Moreover, the argument does not address the well-established rationale for the general prohibition on appealing TROs: "the normal time span of an appeal is measured in months rather than days," so a temporary restraining order—whether mandatory or not—"would be moot long before it could be reviewed." *In re Lieb*, 915 F.2d at 183. As explained below, that is exactly what has happened here.

In any event, the affirmative act here fell primarily on Tesla's shoulders; the TRO required Tesla to retrieve its Tooling. Angstrom Automotive merely needed to allow Tesla access to its facility (*i.e.*, not refuse access) and make the Tooling

ready for pickup. There is nothing improper there, or anything outside the bounds of a temporary restraining order.

### C. The emergency district court hearing does not convert the TRO into an appealable preliminary injunction.

The district court entered the TRO after permitting both parties a fulsome opportunity to brief the issues, including submitting evidence into the record with their papers, and presenting testimony from witnesses. Dkt. 14 (district court Order setting hearing for TRO). Angstrom Automotive previously contended that those proceedings made the TRO appealable. App.Dkt. 12-1 at 11.

Tesla does not dispute that a hearing occurred. However, the nature of the hearing, including the type or length, is not dispositive, and this consideration alone does not transform the TRO into an appealable preliminary injunction. *See* 16 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3922.1 (3d ed. 2019) ("If the order and procedure unambiguously involve temporary restraint, ***the bare fact that a substantial hearing was provided should not justify appeal***." (emphasis added)); *see also Schlafly v. Eagle Forum*, 771 F. App'x 723, 724 (8th Cir. 2019) (dismissing appeal of order because, in part, "a hearing . . . does not automatically convert a motion for a TRO into a motion for a preliminary injunction").

Moreover, the hearing was conducted on an emergency basis, was only noticed for a temporary restraining order, and was before merits discovery and

before any scheduled preliminary injunction hearing. Indeed, the now-expired TRO expressly notes that the district court reserved the parties' right to seek further relief, including by setting a subsequent injunction hearing at a later date if either party so requested. Dkt. 40 ¶ 16. The hearing is thus not a dispositive factor in this determination.

### D. The TRO does not permanently or irretrievably alter either party's rights.

Angstrom Automotive also argued that the TRO would accomplish the "irreversible transfer of possession" of the Tooling, but this grossly mischaracterizes its effect. App.Dkt. 12-1 at 8. The TRO only determined—and only as between the two parties currently in the litigation—that Tesla is entitled to possess the Tooling ***right now***. *See* Dkt. 40.

Most importantly, the relief is fully reversible. The TRO did not preclude the district court from modifying, dissolving, or replacing the TRO during subsequent proceedings. If circumstances warrant, the Court can further adjudicate possession of the Tooling during the pendency of this case.

The TRO also was written to expire in mere days, and it did not foreclose Angstrom Automotive, either during the life of the TRO or after, from seeking a preliminary injunction determining it has the right to hold the Tooling for the remainder of the litigation. That is precisely the procedural mechanism Angstrom Automotive should have pursued to properly vest this Court with appellate

jurisdiction if it wanted to pursue its present arguments. *See Rey v. LCMC Health Care Partners, L.L.C.*, 181 F.4th 574, 578 (5th Cir. 2026) (concluding party's own actions "belie the notion that the court's order cause[d] them serious or irreparable consequences" because they never moved for a preliminary injunction).

But Angstrom Automotive has not done so, revealing its arguments that the TRO orders the "irreversible transfer of possession" of the Tooling hollow. App.Dkt. 12-1 at 8. The TRO certainly does not render the Tooling incapable of ever being moved again. Moreover, the district court's finding that Tesla was entitled to retrieve its Tooling immediately is consistent with the parties' contractual agreement and recognized Tesla's urgent need to use the Tooling to manufacture parts. Further, the district court's findings are based on testimony from both parties' witnesses (and after finding Tesla's witnesses credible), including unrefuted testimony that Angstrom Automotive refused to use the Tooling to manufacture any more parts for Tesla in accordance with the parties' agreements, unless Tesla paid unearned and extra-contractual fees. Simply stated, the district court retains discretion to implement a subsequent order if Angstrom Automotive prevails at a preliminary injunction hearing or upon final determination. The TRO therefore did not irretrievably alter either party's rights.

Lastly, the cases cited by Angstrom Automotive in its Notice of Appeal and emergency motion are factually inapposite and do not support this Court's exercise

of jurisdiction. *See Belhaven Coll.*, 98 F. App'x at 284 (finding jurisdiction under 28 U.S.C. § 1292(a)(1) only after district court ***extended*** the TRO beyond the duration allowed by Fed. R. Civ. P. 65(b)(2), giving the TRO the practical effect of an injunction); *Belo Broad. Corp.*, 654 F.2d at 426 n.3 (explaining the Court's jurisdictional resolution was bolstered by knowledge that, subsequent to the denial of its "TRO," party filed for a preliminary injunction seeking the identical relief in the district court). This TRO has none of the above-referenced features, was not extended and indeed expired after 14 days, and therefore does not fall within any of the narrow exceptions permitting appellate jurisdiction over temporary orders that effectively function as injunctions.

## III. The Appeal of the TRO is Moot.

Even if the TRO was at some point appealable, it is now moot for two independent reasons.

***First***, Tesla has already retrieved the Tooling. The TRO's operative effect was merely to allow access for that retrieval, so neither a stay nor a reversal of the TRO would undo the retrieval itself. "If an appellate court is unable to grant any remedy for an appellant, its opinion would be merely advisory and it must dismiss the appeal as moot." *In re Blast Energy Servs., Inc.*, 593 F.3d 418, 423 (5th Cir. 2010). That is precisely the situation here. Tesla has successfully retrieved the Tooling it owns in accordance with the TRO and this Court's denial of Angstrom

Automotive's motion to stay. App.Dkt. 29 (Order denying Appellant's motion to stay pending appeal). So a reversal of the TRO would change nothing, and any ruling on it would be "merely advisory." *In re Blast Energy Sevs., Inc.*, 593 F.3d at 423. Angstrom Automotive's remedy—if it believes it has any legal right to hold the Tooling—is to seek a preliminary injunction in the district court. It cannot obtain that relief here in the first instance. *See Montano v. Texas*, 867 F.3d 540, 546 (5th Cir. 2017) (noting that this Court "sits as a court of review, not of first view") (citation omitted).

***Second***, as discussed above, the TRO expired by its own terms on August 17, 2026. Dkt. 40 ¶ 12. An appeal from an order that has expired is moot on that ground alone. *Newby*, 302 F.3d at 300 ("Because the TRO . . . would have expired in any case, this issue is moot and is not likely to occur again."). These two reasons echo the well-established law that temporary restraining orders are generally not appealable precisely because they will almost always become moot before an appeal can even be heard. *See Matter of Lieb*, 915 F.2d at 183 (noting that "the normal time span of an appeal is measured in months rather than days," and so a TRO "would be moot long before it could be reviewed"). The TRO is no longer a live issue; the appeal should be dismissed.

**IV. The Writ of Replevin is Not Subject to Interlocutory Appeal and is Moot.**

Angstrom Automotive's appeal also contends that the writ of replevin/sequestration presents an independent substantial question subject to appeal and that it should be overturned with the mandatory TRO provisions. App.Dkt. 12-1 at 19. This argument also lacks merit.

First, as a threshold matter, orders of replevin which transfer or affect possession of property are not appealable under § 1292(a)(1). Federal law is clear—provisional orders dealing with possessory rights, are not considered appealable orders and do not constitute injunctions for the purpose of § 1292(a)(1). *Young Again Prods., Inc. v. Acord*, 431 F. App'x 308, 312 (5th Cir. 2011) (holding that Court lacked appellate jurisdiction because writs of execution authorizing seizure of property are not appealable); *see also PMS Distrib. Co., Inc. v. Huber & Suhner, A.G.*, 863 F.2d 639, 640 (9th Cir. 1988) (similar); *HBE Leasing Corp. v. Frank*, 48 F.3d 623, 632 (2nd Cir. 1995) (distinguishing "provisional remedies of attachment and replevin," which cannot be appealed, from injunctions that can be under § 1292(a)(1)); *U.S. v. Hansen*, 795 F.2d 35, 38–39 (7th Cir. 1986) (same for decree of sale).

The TRO (and writ granted within) deals with possessory interests only and, by definition, is not conclusive or appealable. *See, e.g., United States v. Muniz,* 540 F.3d 310, 315 (5th Cir. 2008) (rejecting argument that district court's possession

orders have the "practical effect" of an injunction since the district court required them "to act in ways that are so specific as to be enforceable by contempt."). Nor does the existence of a writ of replevin transform the TRO into an appealable injunction. *See Young Again Products, Inc.*, 431 F. App'x at 312. If provisional possessory remedies became immediately appealable whenever coupled with temporary injunctive relief, routine replevin and sequestration orders would always evade the final-judgment rule. That is not this Court's rule. The appeal should be dismissed.

Second, by the very text of the TRO, while Tesla's ***motion*** for a writ was granted, the ***writ itself*** was never issued, and Tesla never exercised it. Dkt. 40 ¶ 18. As cited above, that means there is no live controversy for the Court to resolve, and nothing for Angstrom Automotive to appeal on an interlocutory basis.

Third, the issue is also moot. Because the writ had not issued, Tesla retrieved the Tooling under the TRO only. And per the very words of the TRO itself, the Court would only issue the writ if Tesla could not effect retrieval with the TRO. *See* Dkt. 40 ¶ 18. Tesla effected retrieval, so there no current reason for the writ to issue. Because there is not, Angstrom Automotive's appeal of the un-issued writ cannot obtain effective relief. And in any event, the Order expired by its own terms on August 17, 2026. Dkt. 40 ¶ 12.

## CONCLUSION

For the foregoing reasons, Tesla respectfully requests that the Court dismiss Angstrom Automotive's Appeal, App.Dkt 1, for lack of appellate jurisdiction.

Dated: August 20, 2026

Respectfully submitted,

**NORTON ROSE FULBRIGHT US LLP**

*/s/Ethan Glenn*
Marc B. Collier
Texas Bar No. 00792418
marc.collier@nortonrosefulbright.com
Ethan Glenn
Texas Bar No. 24101810
ethan.glenn@nortonrosefulbright.com
Telephone: (512) 474-5201
Facsimile: (512) 536-4598

-and-

Kevin Lie
Texas Bar No. 24136085
kevin.lie@nortonrosefulbright.com
1550 Lamar St., Suite 2000
Houston, TX 77010
Telephone: (713) 651-3769
Facsimile: (713) 651-5246

*Counsel for Plaintiff-Appellee Tesla, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned counsel certifies that an electronic copy of this document was served by the Court's electronic-filing system on counsel for Angstrom Automotive in compliance with Federal Rule of Appellate Procedure 25 and Fifth Circuit Rule 25.2.5 on August 20, 2026. The undersigned counsel further certifies that an electronic (PDF) copy of said motion was electronically filed with the Clerk of the Fifth Circuit in compliance with Fifth Circuit Rule 25.2 on August 20, 2026.

Dated: August 20, 2026

*<u>/s/ Ethan Glenn</u>*
Ethan Glenn

*Counsel for Plaintiff-Appellee*

**CERTIFICATE OF COMPLIANCE**

This document complies with the type-volume limitations of Fed. R. App. P. 27(d)(2) because it contains 4,078 words. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 14-point Times New Roman typeface.

Dated: August 20, 2026

*<u>/s/ Ethan Glenn</u>*
Ethan Glenn

*Counsel for Plaintiff-Appellee*

## CERTIFICATE OF CONFERENCE

I certify that counsel for Appellee Tesla, Inc. emailed counsel for Defendant-Appellant Angstrom Automotive Group, L.L.C. and Appellant Angstrom Aluminum Castings Texas, L.L.C. on August 14, 2026 to confer regarding the relief requested in this motion, and that subsequent communications were exchanged between counsel on August 17, 2026, August 18, 2026, and August 19, 2026. Counsel indicated that both parties were opposed to a dismissal of this appeal.

*/s/ Ethan Glenn*
Ethan Glenn

*Counsel for Plaintiff-Appellee*